Sara F. Khosroabadi, Esq. (SBN 299642)
sara@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN 227183)
bob@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
Office Number: (619) 233-7770
Facsimile: (619) 297-1022

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIAMAK DJAHANSHAHI,<br><br>Plaintiff,<br>v.<br><br>ROAKLAND & ASSOCIATES,<br><br>Defendant, | Case No:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>1. **FAIR DEBT COLLECTION PRACTICES ACT, U.S.C. § 1692 ET, SEQ.**<br>2. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § § 1788-1788.32;**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. Siamak Djahanshahi, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Roakland & Associates ("Defendant"), with regard to Defendant's unlawful and abusive debt collection practices causing Plaintiff damages.

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.
6. While many violations are described here with specificity, this Complaint alleges violations of the FDCPA, the Rosenthal Fair Debt Collection Practices Act, and California Civil Code §§ 1788-1788.32 ("RFDCPA" or the "Rosenthal Act").
7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.
8. All violations alleged regarding the FDCPA and RFDCPA are material violations of the FDCPA and RFDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.
9. Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of Defendant, with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.
10. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.
11. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.
12. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

## JURISDICTION AND VENUE

13. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

14. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and California's Rosenthal Act.
15. Because Defendant does business within the State of California, personal jurisdiction is established.
16. Venue is proper pursuant to 28 U.S.C. § 1391.
17. At all times relevant, Defendant conducted business within the State of California County of Riverside.

**Parties**

18. Plaintiff is a natural person who resides in the City of Corona, County of Riverside, State of California.
19. Plaintiff is informed and believes, and thereon alleges, that Roakland & Associates is, and at all times mentioned herein was, located in Niagara Falls, NY.
20. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).
21. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was alleged to be due and owing, and is a debtor as that term is defined by California Civil Code § 1788.2(h).
22. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).
23. Defendant in the ordinary course of business, regularly, on behalf of themselves, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

24. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

25. Sometime before February 21, 2017, Plaintiff is alleged to have incurred certain financial obligations for a personal credit card from QC Holdings. This credit card was used to purchase things for personal purposes, mainly household goods and services.

26. Sometime thereafter, Plaintiff allegedly fell behind in the payments owed on the debt. As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this debt.

27. Sometime thereafter, Plaintiff allegedly fell behind in the payments owed on the debt. As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this debt.

28. The debt was later sold, transferred, or assigned to Defendant for collection.

29. On or around February 21, 2017, Defendant contacted Plaintiff from 909-906-9918 at 7:49 am, and then twice at 7:50 am. These calls were made before 8:00 am. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with the consumer in connection with the collection of a debt at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(1). This section is incorporated into the RFDCPA through Cal. Civ. Code 1788.17; thus, Defendant also violated Cal. Civ. Code 1788.17.

30. On or around February 21, 2017, Defendant contacted Plaintiff's mother on her cellular telephone number and left a voice message stating, "This is Mike

Rogers. I am a legal courier with the state of California. This message is for a Mr. Siamak Djahanshahi. I am just contacting him as a courtesy. I was trying to make him aware of some legal documents that were sent to my office. A legal claim was filed against Mr. Djahanshahi and I am scheduled to serve him with a notice to appear in court either at his residence or at his place of employment. It says here that if he has questions or concerns to contact the claimants office that is taking him to court directly. The phone number that they provided here with the documents is 866-319-0489. Let Mr. Djahanshahi know that if I do not hear from that claimants office that I will be out to serve him no later than 1:00 p.m. tomorrow. He does need to be available with two forms of identification upon my arrival. Thank you. " The call came from the telephone number 951-824-6515.

31. Defendant never filed a lawsuit against Plaintiff nor has Defendant ever served Plaintiff with any Court documents. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10). This section is incorporated into the RFDCPA through Cal. Civ. Code 1788.17; thus, Defendant also violated Cal. Civ. Code 1788.17.

32. Through this conduct, defendant communicated with a person other than the consumer for the purported purpose of acquiring location information and stated that the consumer owed a debt. Consequently, Defendant violated 15 U.S.C. § 1692b(2). This section is incorporated into the RFDCPA through Cal. Civ. Code 1788.17; thus, Defendant also violated Cal. Civ. Code 1788.17.

33. Defendant's representative never disclosed that he was calling from Roakland & Associates or attempting to collect a debt. Plaintiff was unsure of the caller's identity because Defendant did not meaningfully disclose its

identity in the voice message. Plaintiff only discovered the call was from Defendant after calling the phone number mentioned in the message.

34. Defendant communicated with Plaintiff without including the "mini-miranda" warnings saying the communication was from a debt collector and any information obtained would be used for that purpose. Through this conduct, Defendant violated 15 U.S.C. § 1692d(6) by failing to meaningfully disclose the caller's identity. This section is incorporated into the RFDCPA through Cal. Civ. Code 1788.17; thus, Defendant also violated Cal. Civ. Code 1788.17.

## CAUSES OF ACTION

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## U.S.C. § § 1692 ET. SEQ.

35. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

36. Because Defendant services the account of Plaintiff and was not the original creditor, Defendant is considered a "debt collector" for purposes of the FDCPA.

37. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

38. Defendant failed to meaningfully disclose Defendant's identity in violation of 15 U.S.C. § 1692d(6) which states that the following conduct is a violation of this section:
> "…the placement of telephone calls without meaningful disclosure of the caller's identity."

39. Defendant contacted Plaintiff before 8:00 am therefore, Defendant violated 15 U.S.C. § 1692c(a)(1) which states that:
   > Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
   > **(1)** at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;

40. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
## CAL. CIV. CODE §§ 1788-1788.32

41. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

42. The RFDCPA, Cal. Civ. Code § 1788 et seq, prohibits unfair and deceptive acts and practices in the collection of consumer debts.

43. Defendant attempted to collect the debt and, as such, engaged in "debt collection" as defined by Cal. Civ. Code § 1788.2(b).

44. Defendant in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

45. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every

one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code § 1788-1788.32.

46. Defendant placed calls without disclosing its identity in violation of Cal. Civ. Code § 1788.11(b) which says that a debt collector shall not attempt to collect a consumer debt by means of:
> "Placing telephone calls without disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents."

47. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**U.S.C. §§ 1692 ET SEQ.**

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- Any other relief this Court may deem just and proper.

# COUNT II
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
## CAL. CIV. CODE §§ 1788-1788.32

- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c); and
- Any other relief this Court may deem just and proper.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Respectfully submitted,

**HYDE & SWIGART**

Date: February 20, 2018     By: /s/Sara Khosroabadi
                            Sara Khosroabadi, Esq.
                            *Attorney for Plaintiff*